## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ZAVANNA, LLC, a Colorado limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: _____ |
| v. | ) ) | **COMPLAINT AND JURY DEMAND** |
| WARREN ALLOY VALVE & FITTING COMPANY, L.P., a Delaware limited partnership, | ) ) ) ) ) | |
| Defendant. | | |

Plaintiff Zavanna, LLC ("Zavanna"), by and through its counsel, Brad W. Breslau of Cozen O'Connor and Joseph Wetch of the Serkland Law Firm, complains as follows:

### PARTIES, JURISDICTION AND VENUE

1. Zavanna is a Colorado limited liability company, with its principal place of business located at 1200 17th Street, Suite 100, Denver, Colorado and is in the business of owning, operating, gathering and producing oil and natural gas in Williams and McKenzie Counties, North Dakota.

2. Defendant Warren Allied Valve & Fitting Company, L.P. ("Warren Valve") is a limited partnership duly formed and existing under the laws of the State of Delaware with its principal place of business located at 7200 Mykawa Road, Houston, TX 77033 and is in the business of manufacturing and distributing valves, fittings, pipes and flanges used in oil and gas production facilities and pipelines.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, since diversity exists between Zavanna, on the one hand, and Warren Valve, on the other hand, and the amount in controversy is in excess of $75,000.00.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 as it is where the acts giving rise to this lawsuit occurred.

## GENERAL ALLEGATIONS

5. On or about October 8, 2015, Zavanna purchased two Warren-1022C stainless steel two-piece ball valves from DNOW L.P., located in Williston, Williams County, North Dakota. These valves were designed, engineered, manufactured and machined by Warren Valve.

6. On or about March 5, 2016, one of the two Warren-1022C stainless steel two-piece ball valves ("the subject valve"), which was installed on a stainless steel gathering line located on the southwest corner of the Lion 1-14H/Cheetah 1-10H wellpad, failed resulting in the release of approximately 2,773 barrels (114,786 gallons) of produced water ("Spill"). The gathering line was used to transport produced water ("brine water") from several oil and gas wells producing from the Bakken Formation. Brine water is a naturally occurring byproduct of oil production. The brine water traveled downhill for an estimated one-third of a mile and covered an area of approximately five acres of land.

7. The subject valve failed due to disengagement of excessively machined threads on the female side of the threaded valve body connection. The female threads in the threaded valve body connection were excessively machined relative to the permitted dimensions for the closest available match (5-12 UN) referenced in ASME B1-1-2003. Warren Valve reported that

the design and manufacturer of the threaded body connection did not comply with recognized ASME or other standard thread patterns.

8. Zavanna, immediately after being notified of the Spill, shut in the gathering line and deployed thirty-six sections of five inch absorbent boom in an effort to contain the spill and collected an estimated 215 barrels of brine water from the location inside the berm area. Thereafter, a clean-up of the Spill ensued pursuant to the instructions and approval of the North Dakota Department of Health and Safety pursuant to a Spill Response Plan prepared with the assistance of environmental consultants Trihydro and Cardno.

9. As a result of the Spill, Zavanna incurred damages in preparing and carrying out the Spill Response Plan as well as other damages as a result of the Spill, in the total amount of $1,644,690.26.

## FIRST CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability)

10. Zavanna adopts and incorporates the previous allegations of this Complaint as though fully set forth herein.

11. Warren Valve breached its implied warranty of merchantability to Zavanna as the subject valve was not merchantable in accordance with N.D.C.C. § 41-02-31 for the reasons set forth above.

12. As a result of Warren Valve's breach of the implied warranty of merchantability, Zavanna incurred damages in the total amount of $1,644,690.26.

## SECOND CLAIM FOR RELIEF
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

13. Zavanna adopts and incorporates the previous allegations of this Complaint and its claims for relief as though fully set forth herein.

14. Warren Valve breached its implied warranty of fitness for a particular purpose pursuant to N.D.C.C. § 41-02-32 as the subject valve was not fit for use in the subject brine line.

15. As a result of Warren Valve's breach of the implied warranty of fitness for a particular purpose, Zavanna incurred damages in the total amount of $1,644,690.26.

## THIRD CLAIM FOR RELIEF
### (Negligence)

16. Plaintiff adopts and incorporates by reference its previous allegations and its claims for relief as though fully set forth herein.

17. Warren Valve was negligent in the engineering, design and manufacture of the subject valve.

18. As a direct and proximate result of such actions and conduct, Zavanna has been damaged in the amount of $1,644,690.26.

## FOURTH CLAIM FOR RELIEF
### (Strict Liability)

19. Plaintiff adopts and incorporates by reference its previous allegations and its claims for relief as though fully set forth herein.

20. Warren Valve, at all times relevant, was engaged in the business of engineering, designing, manufacturing and distributing valves, fittings, pipes and flanges used in oil and gas production facilities and pipelines, such as the subject valve.

4

21. The known and expected operating conditions of the subject valve were reasonably foreseeable to Warren Valve.

22. The subject valve reached Zavanna without substantial change to the condition in which it was sold by Warren Valve.

23. Warren Valve engineered, designed, manufactured, sold and distributed the subject valve in a condition that was both defective and unreasonably dangerous to Zavanna, considering the known and expected operating conditions which such valve was to be subjected to.

24. As a direct and proximate result of such actions and conduct, Zavanna has been damaged in the amount of $1,644,690.26.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages in an amount to be proven at trial;

2. For interest, costs and attorney fees allowable by law; and

3. For such other and further relief as this court deems just and proper.

## **PLAINTIFF DEMANDS TRIAL BY JURY**.

Dated this 27th day of March, 2019.        Respectfully submitted,

**SERKLAND LAW FIRM**

/s/ Joseph A. Wetch, Jr.
Joseph A. Wetch, Jr. (#05788)
10 Roberts St. N.
P.O. Box 6017
Fargo, ND  58108
701.232.8957
jwetch@serklandlaw.com

and

**COZEN O'CONNOR**

*/s/ Brad W. Breslau*
Brad W. Breslau (#P00851)
707 17th Street, Suite 3100
Denver, CO  80202
Telephone:  720.479.3920
bbreslau@cozen.com

Attorneys for Plaintiff